United States Courts
Southern District of Texas
**FILED**

NOV 19 2025

Nathan Ochsner, Clerk of Court

## UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| DAYANA ALEXANDER., *Plaintiff,* | Civil Action No.: 4:25-cv-04853 |
| Vs. | Demand For a Jury Trial |
| INNOVIS DATA SOLUTIONS, INC., *Defendant.* | |

### PLAINTIFF'S NOTICE OF RECENT JUDICIAL AUTHORITY

Plaintiff, Dayana Alexander, *Pro Se*, files this Notice to inform the Court and opposing counsel of recent, relevant judicial authority that directly supports Plaintiff's claims under the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681g(a)(1).

### AUTHORITY

*Stafford v. Equifax Info. Servs., LLC*, No. 4:25-CV-00921-JDK-JDL, 2025 WL(E.D. Tex. Nov. 17, 2025) (Report and Recommendation)

### RELEVANCE TO CASE 4:25-cv-04853

1. **Issue:** The *Stafford* R&R addresses the sufficiency of a plaintiff's pleading under **15 U.S.C. § 1681g(a)(1),** which is the exact statutory provision Plaintiff Dayana Alexander alleges Innovis violated by providing a disclosure that truncated or omitted required information. A true and correct copy of the Report and Recommendation is **attached hereto** as **Exhibit A.**

2. **Holding:** The Magistrate Judge **RECOMMENDED DENYING** the Defendant Credit Reporting Agency's Motion to Dismiss (Rule 12(b)(6)), holding that the Plaintiff's

1

allegations were sufficient to state a claim that the disclosure was **misleading or incomplete.**

3. **Application:** The *Stafford* R&R is a strong persuasive authority that a plaintiff's claim under § 1681g(a)(1) for an incomplete disclosure survives a motion to dismiss when the allegations, construed liberally, suggest the omission was misleading. This directly supports Plaintiff Alexander's Complaint, which alleges Innovis's failure to disclose all information (e.g., full account numbers) renders the disclosure non-compliant with the FCRA.

4. **Conclusion:** Plaintiff brings this recent, supportive authority from a federal court within the **Fifth Circuit** to the Court's attention for consideration regarding the sufficiency of Plaintiff's Complaint and any future dispositive motions.

**Respectfully submitted by,**

/s/ Dayana Alexander
Dayana Alexander
9311 FM 1488 Rd 30-111
Magnolia, TX 77354
contact@agapeconsultations.com

## **CERTIFICATE OF SERVICE**

I certify that a true copy was served on Defendant's counsel via email and filed with the clerk of court via ECF on **November 19, 2025.**

**Jason A. Spak Troutman Pepper Locke, LLP**
**501 Grant Street, Suite 300**
**Pittsburgh, PA 15219**
**Email: jason.spak@troutman.com**
**Counsel for Defendant Innovis Data Solutions, Inc.**

/s/ Dayana Alexander
Dayana Alexander

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ROBERT STAFFORD, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 4:25-CV-00921-JDK |
| v. | § § | |
| TRANS UNION, LLC, EQUIFAX INFORMATION SERVICES, LLC, | § § § § | |
| Defendants. | § | |

REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

Before the court is Defendant Equifax Information Services, Inc. ("Equifax") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 19.) Plaintiff Robert Stafford has filed a response in opposition. (Doc. No. 20), to which Equifax has filed a reply (Doc. No. 21), and Plaintiff has filed a sur-reply (Doc. No. 23). For the reasons stated herein, the court **RECOMMENDS** that Defendant's motion (Doc. No. 19) be **DENIED**.

BACKGROUND

On August 22, 2025, Plaintiff Robert Stafford, proceeding pro se, filed this action against Defendant Equifax asserting violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681g(a)(1) (FCRA). (Doc. No. 1.) Specifically, Plaintiff alleges that he is a consumer residing in Collin County, Texas who requested consumer credit disclosures from Equifax on June 18, 2025, through annualcreditreport.com. *Id.* at ¶ 16, 18. Plaintiff alleges that the disclosures he received omitted full account numbers, account information, and payment history for numerous tradelines, including accounts associated with TD Bank USA/Target Credit, Midland Credit Management,

Mariner Finance, Republic Finance, Comenity Capital/B&H Photo, Capital One/Wmt, Wells Fargo Card, SYNCB/Lowes, and Nordstrom/TD Bank. *Id.* at ¶19–20. Plaintiff further alleges that this information had been reported to Equifax by a data furnisher and was contained in the file at the time of his request. *Id.* at ¶ 20. Plaintiff asserts that the absence of the account numbers, missing account information, and payment history in his disclosures prevented him from understanding, identifying, or verifying the accounts appearing in his credit file. *Id.* at ¶ 23–24, 33. Plaintiff also alleges that the omissions stem from systemic issues in Equifax's automated disclosure templates used for annualcreditreport.com requests, which he contends have affected many other consumers and have been known to Equifax for years. *Id.* at ¶ 27–28, 34–40. Based on these allegations, Plaintiff asserts that Equifax failed to clearly and accurately disclose all information in his file, in violation of 15 U.S.C. § 1681g(a)(1). *Id.* at ¶ 46–47. Plaintiff alleges that this conduct was willful, warranting statutory and punitive damages under 15 U.S.C. § 1681n, or, alternatively, negligent, entitling him to actual damages under 15 U.S.C. § 1681o. *Id.* at ¶ 48–49.

## LEGAL STANDARD

When a defendant files a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the trial court must assess whether a complaint states a plausible claim for relief. *See Raj v. La. State Univ.*, 714 F.3d 322, 329–30 (5th Cir. 2013) (citing *Bass v. Stryker Corp.*, 669 F.3d 501, 506 (5th Cir. 2012)). Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief may be granted." Fed.R.Civ.P. 12(b)(6). The Supreme court clarified the standards that apply in a motion to dismiss for failure to state a claim in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 555. The court does "not require heightened fact pleading of specifics, but only enough facts to

state a claim to relief that is plausible on its face." *Id.* at 570. A complaint may be dismissed if a plaintiff fails to "nudge [his] claims across the line from conceivable to plausible." *Id.* The distinction between merely being possible and plausible was reiterated by the court in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Federal Rule of Civil Procedure 8(a) does not require "detailed factual allegations[,] but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice. *Id.* Nor does a complaint which provides only "naked assertions" that are "devoid of further factual enhancement." *Id.* Courts need not accept legal conclusions as true, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, are not sufficient. *Id.* The pleading of a pro se plaintiff is to be liberally construed and is held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Despite the leniency, however, pro se litigants are not exempt from the requirement of alleging sufficient facts to allege a plausible claim or from the well-settled principle that mere legal conclusions do not sufficient to prevent a dismissal. *See Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002).

## DISCUSSION

Here, Equifax moves to dismiss Plaintiff's claims on grounds that he lacks standing and because the information omitted from the disclosure does not bear on creditworthiness. (Doc. No. 19.) Plaintiff alleges that he has standing because he has alleged willful violations, and that he has also alleged actual damages through emotional distress, frustration, and inability to verify his report. (Doc. No. 20.) Further Plaintiff argues that Equifax is too narrowly defining file to the consumer report, and the omitted information has been held to be part of the consumer file. *Id.*

### 1. Standing

As standing is a threshold issue for proceeding with any matter, the court first takes up the issue of standing. Equifax argues that Plaintiff lacks standing because he does not allege that he suffered any actual damages. (Doc. No. 19, at 5.) Because Plaintiff claims only a technical violation without harm, Equifax argues that the court must dismiss this action for lack of standing. *Id.* at 6–7. Plaintiff states that he has alleged willful violations, which allow statutory and punitive damages under § 1681n regardless of actual damages. (Doc. No. 29, at 7.) Further, Plaintiff argues that regardless he has alleged actual damages of emotional distress, frustration, inability to verify his report—all qualifying as concrete informational injuries. *Id.* at 8.

The standing doctrine addresses the question of who may bring a claim in federal court, and "is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). To establish standing, a plaintiff must establish that he "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 330 (2016) (citing *Lujan*, 504 U.S. at 560). "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements." *Id.* (citing *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990)).

In *Spokeo*, the Supreme Court examined the standing inquiry under the FCRA. 578 U.S. 330. The Supreme Court held that a plaintiff must allege a concrete and particularized injury to bring a claim, but "the violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact." *Id.* at 342. In such a case, plaintiffs "need not allege any additional harm beyond the one Congress has identified." *Id.* As for the FCRA, however, the Court emphasized that a mere violation of procedural requirements is insufficient to confer

4

standing. *Id.* A plaintiff must go beyond a "bare procedural violation, divorced from any concrete harm" because a "violation of one of FCRA's procedural requirements may result in no harm." *Id.* In evaluating the effect of *Spokeo*, the Fifth Circuit stated, "[p]ut differently, the deprivation of a right created by statute must be accompanied by 'some concrete interest that is affected by the deprivation.'" Thus, *Spokeo* recognizes that at minimum, a 'concrete' intangible injury based on a statutory violation must constitute a 'risk of real harm' to the plaintiff." *Lee v. Verizon Communications, Inc.*, 837 F.3d 523, 529 (5th Cir. 2016). Thereafter, in *Transunion*, the Court held procedural FCRA violations would not cause injury-in-fact where a misleading credit report was never even disseminated. *See TransUnion L.L.C. v. Ramirez*, 594 U.S. 413, 434, 141 S.Ct. 2190, 210 L.Ed.2d 568 (2021) ("The mere presence of an inaccuracy in an internal credit file, if it is not disclosed to a third party, causes no concrete harm.").

In *Safeco*, the Supreme Court specifically noted that the plaintiff "claimed no actual harm, but sought statutory and punitive damages under § 1681n(a)." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 54 (2007). The Court, however, gave no indication that although the plaintiff alleged no actual harm, he lacked standing to sue for statutory damages. The Fifth Circuit has yet to weigh in on this issue. But the Seventh Circuit later agreed, saying, "the FCRA contemplates possible awards of statutory damages where the violation is willful, see 15 U.S.C. § 1681n(a)(1)(A), ... [t]hus, actual damages are not necessarily a precondition for suit." *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 622 (7th Cir. 2007). This suggests that the framework of the FCRA, which permits statutory damages, confers standing where those damages are alleged. Here, Plaintiff has alleged a willful violation because he alleges the omission of the tradeline information is the result of automated templates used by Equifax for annualcreditreport.com requests, which Equifax has known about for years and that has harmed other customers as well as Plaintiff. (Doc.

5

No. 1, at ¶ 27–28, 34–40); *see Cousin v. Trans Union Corp.*, 246 F.3d 359, 372 (5th Cir. 2001) (a person willfully violates the FCRA if that person "knowingly and intentionally committed an act in conscious disregard for the rights of others."). These allegations, construed liberally, are sufficient to state a claim for a willful violation of the FCRA and confer standing.

## II.     Failure to State A Claim

Equifax also argues that Plaintiff has failed to state a claim under § 1681g because the alleged missing information (full account numbers, internal data, payment history) is not the type the FCRA requires Equifax to disclose. Equifax relies on *Gillespie v. Trans Union*, for the assertion that a "file" includes only information actually included in a consumer report, not every internal record and the test is whether the information bears on creditworthiness. (Doc. No. 19, at 3) (citing *Gillespie v. Trans Union Corp.*, 482 F.3d 907, 910 (7th Cir. 2007)). Specifically, Equifax points out that at least one court has held that redacted account numbers do not implicate creditworthiness and thus are not actionable. *Id.* at 4 (citing *Walker v. Equifax Info. Sols., LLC*, No. 1:21-CV-01045-ELR, 2024 WL 4815355, at *16 (N.D. Ga. Sep. 23, 2024)). Plaintiff argues Equifax is conflating the definition of "file" with "consumer report," and points to the statutory definition of "file" in 15 U.S.C. § 1681a(g), which provides ""all of the information on [the] consumer recorded and retained by a consumer reporting agency regardless of how the information is stored." (Doc. No. 20, at 4–5.) Plaintiff argues that because the omitted data was furnished by creditors and appears in third-party reports in his actual file, it must be disclosed, and distinguishes *Gillespie* where purely "internal data" was involved. *Id.* at 5–6. In addition, Plaintiff cites the FTC Advisory Opinion to Darcy (June 30, 2000) stating that truncating account numbers fails to disclose "all information" in the file. *Id.* at 6–7.

Here again, the Fifth Circuit has not weighed on what is required for pleading a claim under 15 U.S.C. § 1681g(a)(1). As it stands, there is no precedent in this circuit or any other persuasive opinion that takes the narrower position Equifax is advocating for. 15 U.S.C. § 1681g(a)(1) provides that a consumer reporting agency shall disclose to the consumer "[a]ll information in the consumer's file at the time of request," except for full social security numbers where truncation is requested and credit scores or risk scores. *Id.* This definition does not, on its face, equate the "consumer file," with a "consumer report." And indeed, the statutory definitions separate "consumer report" and "file," defining file more broadly as "all of the information on that consumer recorded and retained by a consumer reporting agency regardless of how the information is stored." §1681a(g). § 1681g(a)(1) uses the term "consumer file," not "consumer report," including broader disclosure requirements upon request with narrowly-outlined exceptions. For this reason, the court sees no reason why the full account numbers, internal data, and payment history are not part of the consumer file as alleged.

Regardless, even under the narrower interpretation, the omission of payment history on tradelines would bear on creditworthiness. Defendant cites *Harris v. Trans Union LLC*, to argue that FCRA claims premised on the omission of a full payment history should be dismissed because "the lack of a comprehensive account or payment history is of no matter when the report, viewed as a whole, does not mislead the user about the status of the account." *Harris v. TransUnion, LLC*, No. 1:25-CV-192-MLB-JKL, 2025 WL 2270156, at *7 (N.D. Ga. May 23, 2025), *report and recommendation adopted*, No. 1:25-CV-192-MLB, 2025 WL 2270149 (N.D. Ga. July 30, 2025). But in *Harris* the court reviewed the credit file to draw this conclusion, where the file contradicted Plaintiff's allegations. *Harris*, 2025 WL 2270156, at *5. Here, Defendant has made no argument to suggest that, when considering the entirety of the report, these alleged omissions would not be

7

misleading. Nor has Defendant pointed out any inherent contradiction in Plaintiff's allegations as was the case in *Harris*. Rather, Defendant simply argues that "completeness of data" doesn't bear on credit worthiness as a general rule without applying the facts of this case. Instead, the court must take Plaintiff's allegations as true, which, when construed liberally, suggest that the omission of the tradelines was misleading. For these reasons, the court finds the allegations as pleaded sufficient to state a claim.

## CONCLUSION

For the reasons discussed herein, the court finds that Defendant's motion to dismiss (Doc. No. 19) should be **DENIED**.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

So ORDERED and SIGNED this 17th day of November, 2025.

*/s/ John D. Love*
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE